

FILED
AUG 21 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DEARNTA LAVON THOMAS,**

**Petitioner,**

v.   **CRIMINAL ACTION NO. 2:11cr58**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Dearnta Lavon Thomas's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 590. Having thoroughly reviewed the motions, filings, and records in this case, the Court finds that no hearing is necessary to address Petitioner's Motion. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 8, 2011, a Grand Jury in Eastern District of Virginia returned a fifty-nine count Indictment against Petitioner and ten co-defendants. ECF No. 3. Petitioner was named in Counts One through Eight, Counts Twelve through Seventeen, and Count Fifty-Eight. *Id.* at 1. Count One charged Petitioner with R.I.C.O., in violation of 18 U.S.C. § 1962(c). *Id.* Count Two charged Petitioner with R.I.C.O. Conspiracy, in violation of 18 U.S.C. § 1962(d). *Id.* Counts Three, Six, Twelve, and Sixteen charged Petitioner with aiding and abetting Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3). *Id.* Counts Fourteen and Fifteen charged Petitioner with Attempted Murder in Aid of Racketeering

1

Activity, in violation of 18 U.S.C. § 1959(a)(5). *Id.* Counts Four, Seven, Thirteen, and Seventeen charged Petitioner with aiding and abetting Possession in Furtherance of a Violent Crime or Use or Carry a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). *Id.* Counts Five and Eight charged Petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* at 2. Count Fifty-Eight charged Petitioner with Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. *Id.*

On June 27, 2011, pursuant to a plea agreement, Petitioner waived his right to trial and pled guilty to Counts One and Four of the Indictment. ECF No. 142. The Court accepted his guilty plea. *Id.* On December 12, 2011, Petitioner was sentenced to 60 months on Count One with five years of supervised release. ECF No. 372. Petitioner was sentenced to 120 months on Count Four, to be served consecutive to Count One, and five years of supervised release, to run concurrently with Count One. *Id.* All of the other aforementioned Counts of the Indictment were dismissed upon motion of the Government at sentencing. *Id.*

Petitioner filed this instant Motion on April 30, 2018. ECF No. 590. The Court ordered the United States Attorney to respond to this Motion, ECF No. 591, and the Government filed a Response to Petitioner's Motion on June 15, 2018. ECF No. 592. Petitioner filed a Reply to the Government's Response on July 9, 2018, subject to defect. ECF No. 593. However, Petitioner's Reply was stricken from the record due to Petitioner's failure to cure the Reply's defect. ECF No. 594. These matters are now ripe for judicial determination.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

A petitioner may move the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of the sentence is in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (1948). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Jones v. United States*, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of

their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint). Further, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977); *Carvell v. United States*, 173 F.2d 348, 348-49 (4th Cir. 1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.").

**B. Section 2255 Hearing Requirement**

When deciding a § 2255 motion, a court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again "under the guise of a collateral attack." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Further, if a petitioner directly appeals his sentence or conviction, issues that might have been but were not raised on direct appeal may not be raised subsequently in a § 2255 motion. *Sanders v. United States*, 230 F.2d 127 (4th Cir. 1956), *cert. denied*, 351 U.S. 955 (1956).

**C. Section 2255 Timeliness Requirement**

Motions submitted under § 2255 must be timely. Section 2255(f) establishes a one-year statute of limitations that runs from the latest of four possible dates: (1) "the date on which the judgment of conviction becomes final"; (2) if the motion was prevented by "governmental action in violation of the Constitution or laws of the United States," the date on which this impediment

is removed; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) if the claims in the motion rely on previously unknown facts, the date on which these facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

To be timely under § 2255(f)(3), a § 2255 motion must rely on a right that has been newly "recognized" by the Supreme Court and is applicable to the petitioner. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has clarified that "a Supreme Court case has 'recognized' an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017). It follows that "if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *Id.*

### III. DISCUSSION

As a threshold matter, the Court must determine whether Petitioner's Motion is timely. As discussed above, a § 2255 motion is timely if it is filed within one year of a petitioner's conviction. 28 U.S.C. § 2255(f)(1). A motion filed more than one year after conviction is timely if the Supreme Court subsequently recognizes a new right that is made retroactively applicable to a petitioner and the petitioner submits a § 2255 motion that is based on that right within a year of the Supreme Court decision recognizing the right. 28 U.S.C. § 2255(f)(3). Under § 2255(f)(3), the question of timeliness is tied to the question of the merit of a petitioner's argument, because in order to determine timeliness, a court must determine whether a Supreme Court decision applies to a petitioner's case.

The Government argues that Petitioner's Motion is untimely under § 2255(f)(1) because it was not filed within a year of Petitioner's conviction. ECF No. 592 at 6-9. The Motion is also untimely under § 2255(f)(3) because the Supreme Court has not recognized a new right applicable to Petitioner in either of its two applicable decisions: *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2251 (2015). *Id.* The Government contends that the holdings of the cases are limited to the statutes at issue in those respective cases and do not extend to similarly worded residual clauses, such as the one in § 924(c)(1)(A). *Id.* at 5-7. That is, the Government argues that *Johnson* is limited to the residual clause in the Armed Career Criminal Act ("ACCA") and that *Dimaya* is limited to the residual clause concerning "crime[s] of violence" as incorporated in the Immigration and Nationality Act ("INA"). *Id.* The Government concludes that the Supreme Court has not recognized a general right to challenge convictions under § 924(c) based on the alleged vagueness of the phrase "crime of violence," and that because of this, Petitioner has no right to raise the instant Motion under § 2255(f)(3). *Id.* at 7-9.

The Court concludes that Petitioner's Motion is untimely under § 2255(f)(3). The Court finds that the right that Petitioner seeks to invoke was not recognized in *Dimaya*. Rather, it was recognized in *Johnson* and applied in *Dimaya*. In *Johnson*, the Supreme Court held that a statute was unconstitutionally vague if it had both of the following features: (1) it required a court to use a categorical approach to analyze the risk posed by a crime, and (2) it used a qualitative standard to measure the degree of risk required to bring an offense within the meaning of the clause. *Johnson*, 135 S. Ct. at 2557-58. In *Dimaya*, the Supreme Court stated that *Johnson* established this rule and applied *Johnson* to a statute with these two features. *Dimaya*, 138 S. Ct. at 1214-15. Because *Johnson* recognized the right that Petitioner invokes and this instant Motion was not

raised within a year of *Johnson*, the Motion is untimely under § 2255(f)(3). Therefore, Petitioner's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, records, and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 20, 2018

Raymond A. Jackson
**United States District Judge**